UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-8159-MWF (KS)                                                    Date: September 26, 2019

Title   *Andra Sistrunk v. Christian Pfeiffer*


Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge


| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**


**I.      Introduction**


On August 9, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 in the United States Court of Appeals for the Ninth Circuit. (Dkt. No. 1.) On September 19, 2019, the Ninth Circuit denied the Application as unnecessary because Petitioner had not previously filed a Section 2254 petition challenging his conviction from Los Angeles County. (Dkt. No. 2.) The Ninth Circuit directed the Clerk to transfer the Application to the Central District to be processed as a Section 2254 petition with a filing date of August 9, 2019, the date on which the Application was delivered to prison authorities for forwarding to the Ninth Circuit. (*Id.*) The Ninth Circuit stated "We express no opinion as to the merits of the applicant's claims or whether the procedural requirements . . . are satisfied." (*Id.*)

According to the Application, Petitioner is challenging a March 18, 2015 conviction and sentence for second degree robbery. (*See* Application at 1-2.) Petitioner's sentence was enhanced based on firearm use and a prior prison term. (*See id.*) Petitioner was ultimately sentenced to a total term of 18 years in state prison. (*Id.*)

The Application indicates that Petitioner wishes to present one claim for federal habeas relief: "The court imposed enhancement time for prison prior and for use of a firearm, including a double up base term. Such enhancements are no longer lawful." (Application at 3.) Petitioner

also states that he has neither presented this claim in state court nor filed a prior federal habeas petition relating to his 2015 conviction.  (*Id.* at 2-3.)

Furthermore, Petitioner identifies no provision of the Constitution that was violated and responds "No" to the question "Which provision of the Constitution was violated and how?" (Application at 3-4.)  When asked to provide "any other basis for your application not previously stated," Petitioner identifies only a series of California Senate Bills, including S.B. 1279 and S.B. 1393.  (*Id.* at 4.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.  To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Id.*  Accordingly, **this Order is intended to give Petitioner notice that the Petition is subject to dismissal because it is facially untimely, wholly unexhausted, and does not present a cognizable claim for federal habeas relief.  To discharge this Order and avoid dismissal, Petitioner, no later than October 18, 2019, must file a First Amended Petition that corrects each of the defects discussed below.**

## II.     The Application is Facially Untimely

First, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  *Carey v. Saffold*, 536 U.S. 214, 226 (2002).  The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001).  Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-8159-MWF (KS)                                    Date: September 26, 2019

Title      *Andra Sistrunk v. Christian Pfeiffer*

tolling may be available to toll the one-year limitations period.  *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), *see Dodd v. United States*, 545 U.S. 353, 357 (2005), and Petitioner has not proposed an alternative commencement date under Section 2244(d)(1).

According to the Application, Petitioner was convicted four and a half years ago, on March 18, 2015, and he did not appeal or file any habeas petitions in state court.  Accordingly, based on what little information is contained in the Application, it appears that Petitioner's conviction and sentence became final in 2015 and the limitations period expired in 2016, approximately three years before Petitioner delivered the Application to prison officials for mailing.  Therefore, the Petition is facially untimely and subject to dismissal.  *See* Habeas Rule 4.

**III.    Petitioner's Claim for Relief is Unexhausted**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Accordingly, the habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

To satisfy the federal habeas statute's exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner who, like Petitioner, is seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998). However, it appears that Petitioner has not presented his sole claim for relief to the state supreme court, and, consequently, this action is subject to dismissal. *See Rose*, 455 U.S. at 510, 521; *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party); Habeas Rule 4.

## IV.     Petitioner's Claim for Relief is Not Cognizable

The federal habeas statute, 28 U.S.C. § 2254, confers jurisdiction on a district court to issue a writ of habeas corpus on behalf of a person in custody "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See also Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (habeas relief is not available for a state prisoner's claims that do not challenge "the fact or duration of his physical confinement itself"). Petitioner, however, does not allege that the fact or duration of his confinement violates the Constitution or federal law. Instead, it appears from the Application that Petitioner contends only that newly enacted state law renders the trial court's enhancement of his sentence retroactively unlawful. (*See* Application at 3.) Even if Petitioner's interpretation of state law is correct, his claim – that his sentence is inconsistent with *state* law – is not cognizable on *federal* habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law . . . a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States") (internal quotation marks and citations omitted). Accordingly, the Petition is subject to dismissal for its failure to state a claim on which habeas relief can be granted.

\\

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-8159-MWF (KS)                                    Date: September 26, 2019

Title    *Andra Sistrunk v. Christian Pfeiffer*

## V.      Conclusion and Order

In sum, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" because the Application is untimely, wholly unexhausted, and does not present a cognizable claim for federal habeas relief.  *See* Habeas Rule 4.  Nevertheless, the Court grants Petitioner the opportunity to correct these defects by filing a First Amended Petition using the Central District's form.  **IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than October 18, 2019, shall file a First Amended Petition that does <u>all</u> of the following:**

(1) establishes that the petition is timely, *i.e.*, that Petitioner is entitled to an alternative commencement date and/or to sufficient statutory tolling (for habeas petitions filed in the state court) and/or equitable tolling (for extraordinary circumstances beyond his control that made it impossible for him to commence this action within the required time) to render the petition filed within one year of the date his conviction became final;

(2) <u>either</u> establishes that the California Supreme Court considered and adjudicated Petitioner's claim(s) for federal habeas relief <u>or</u> requests a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) and establishes <u>all three of the following</u> in support of the stay request:
   a. there is "good cause" for Petitioner's failure to exhaust his claim(s) for relief;
   b. the unexhausted claim(s) are "potentially meritorious;" and
   c. Petitioner has not engaged in "intentionally dilatory litigation tactics";

(3) explains how the conviction, sentence, or other judicial action being attacked violates the Constitution or the laws of the United States, as opposed to merely state law, and states sufficient facts to point to "a real possibility of constitutional error."  *See* Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.

Alternatively, Petitioner may file a signed document entitled Notice of Voluntary Dismissal if he no longer wishes to proceed with this action.

\\
\\
\\

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-8159-MWF (KS)                                    Date: September 26, 2019

Title   _Andra Sistrunk v. Christian Pfeiffer_

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition and a copy of the Central District's form Notice of Voluntary Dismissal.

**IT IS SO ORDERED**.

                                                                                                          :
                                                                    **Initials of Preparer**    gr