UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 19-8159-MWF (KS)                                    Date: November 4, 2019
Title     *Andra Sistrunk v. Christian Pfeiffer*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On August 9, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 in the United States Court of Appeals for the Ninth Circuit. (Dkt. No. 1.) On September 19, 2019, the Ninth Circuit denied the Application as unnecessary because Petitioner had not previously filed a Section 2254 petition challenging his conviction from Los Angeles County. (Dkt. No. 2.) The Ninth Circuit stated that the denial expressed "no opinion as to the merits of the applicant's claims or whether the procedural requirements . . . are satisfied." (*Id.*) According to the Application, Petitioner is challenging a March 18, 2015 conviction and sentence for second degree robbery. (*See* Application at 1-2.) Petitioner's sentence was enhanced based on firearm use and a prior prison term. (*See id.*) Petitioner was ultimately sentenced to a total term of 18 years in state prison. (*Id.*)

In a September 26, 2019 Order, the Court recognized three defects in the Petition. (Dkt. No. 3.) First, the Petition is facially untimely, having been filed approximately three years after the statute of limitations expired in 2016. (Dkt. No. 4.) Second, the Petition is wholly unexhausted, because its sole claim for relief was never adjudicated by the state supreme court. (*Id.*) Third, the Petition is not cognizable, because the sole claim for relief does not allege that the fact or duration of Petitioner's confinement violates the Constitution or federal law. (*Id.*) The Court ordered Petitioner to file a First Amended Petition correcting these errors no later than October 18, 2019. (*Id.*)

More than two weeks have now passed since Petitioner's October 18, 2019 deadline and Petitioner has neither filed a First Amended Petition nor a Notice of Voluntary Dismissal.

Accordingly, the action is now subject to dismissal for failure to prosecute and comply with court orders. Nevertheless, in the interests of justice, Petitioner is granted one final opportunity to amend the Petition. Accordingly, **Petitioner is HEREBY ORDERED to show cause no later than November 25, 2019 why this action should not be dismissed.** To discharge this Order, Petitioner must file, no later than the November 25, 2019 deadline, either a signed document entitled Notice of Voluntary Dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure or a First Amended Petition that does *all* of the following:

(1) establishes that the petition is timely, *i.e.*, that Petitioner is entitled to an alternative commencement date and/or to sufficient statutory tolling (for habeas petitions filed in the state court) and/or equitable tolling (for extraordinary circumstances beyond his control that made it impossible for him to commence this action within the required time) to render the petition filed within one year of the date his conviction became final;

(2) either establishes that the California Supreme Court considered and adjudicated Petitioner's claim(s) for federal habeas relief or requests a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) and establishes all three of the following in support of the stay request:
  a. there is "good cause" for Petitioner's failure to exhaust his claim(s) for relief;
  b. the unexhausted claim(s) are "potentially meritorious;" and
  c. Petitioner has not engaged in "intentionally dilatory litigation tactics";

(3) explains how the conviction, sentence, or other judicial action being attacked violates the Constitution or the laws of the United States—as opposed to merely state law—and states sufficient facts to point to "a real possibility of constitutional error." *See* Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.

The Clerk is directed to send Petitioner a copy of the Court's September 26, 2019 Order (Dkt. No. 4) and a copy of the Central District's form habeas petition.

\\

\\

\\

# CIVIL MINUTES – GENERAL

Case No.   CV 19-8159-MWF (KS)                                          Date: November 4, 2019

Title      *Andra Sistrunk v. Christian Pfeiffer*

**Petitioner's failure to timely comply with this Order <u>will</u> result in a recommendation of dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41-1.**

    **IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | gr |